BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-MC-00064-TLN-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $27,353.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On February 12, 2013, the Drug Enforcement Administration (hereafter "DEA") seized Approximately $27,353.00 in U.S. Currency (the "defendant currency").

2.      The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about April 4, 2013, the DEA received a claim from Alen Alesevic ("Alesevic") asserting an ownership interest in the defendant currency.

3.      The United States represents that it could show at a forfeiture trial that on February 12, 2013, the DEA received information regarding suspicious travel by Alesevic, who was traveling on United Airlines from Houston, TX to Sacramento, CA.  Agents learned that Alesevic had several prior arrests for drug violations, assault, theft and

trespassing.  Based on this information, agents responded to the Sacramento International Airport to speak with Alesevic.

4. When Alesevic arrived in Sacramento on February 12, 2013, agents observed him exit the jet way walking away from the gate for his connecting flight to Arcata, CA. DEA agent RJ Britt ("Britt"), displaying his badge, approached Alesevic, identified himself as law enforcement and asked permission to speak with him.  When asked where he was traveling, Alesevic said Arcata to see his girlfriend.  He said he planned on staying in Arcata for two days.  When asked if the carry-on bag was the only luggage he was traveling with, Alesevic said it was.  He gave the agent permission to search him and his luggage.  Britt found two white bank envelopes, one from Shell Federal Credit Union and one from Bank of America.  Britt asked Alesevic how much currency was in the envelopes and he stated about $10,000.  Britt stated that the amount in the envelopes looked like much more than $10,000 and Alesevic said he didn't know because he didn't count it.  DEA agent Jim Delaney ("Delaney") joined the conversation between Britt and Alesevic.  Delaney asked Alesevic if he was carrying any more currency on his person and Alesevic pulled out a wad of currency from one of his pants pockets.  Alesevic stated it was between $1,000 and $2,000, but he did not know how much for sure because he said he didn't count it.

5. Britt asked Alesevic what the source of the money was and Alesevic stated that it was from his trucking business, Europe Express Incorporated, in which he has owned and operated with his father for the last ten years.  Alesevic further stated that he withdrew all the money from the bank earlier that day to purchase a trailer in Eureka, CA.  Alesevic also said some of the money was for gambling in a casino in Eureka, although he could not remember the name of the casino even though he said he had gambled there on two other occasions.  Alesevic further stated that California didn't have Bank of America branches and that is why he brought the cash with him.

6. Britt asked Alesevic again how long he planned on staying in Eureka and he said about four days even though he told Britt he was staying for two days earlier.  He

told Britt between 2-4 days because he said he may go down to San Francisco for a couple of days to do some shopping and go to some strip clubs. Alesevic told Britt that it was his "hard earned money" and was going to spend it however he wanted. Britt noticed that Alesevic only brought one pair of pants and two shirts in his carry-on luggage and not enough clothing for a 4-6 day trip.

7. Britt asked Alesevic who booked the airline ticket because his name was spelled wrong and his birthdate was incorrect. Alesevic told Britt that he had but then recanted and told him that his friend named "Moose" booked it for him. When asked what Moose's real name was, Alesevic said he wasn't sure, but he thought it was "Mustafa" something. Alesevic told Britt that he had known Moose for about six months and that Moose worked as a truck driver for him.

8. The currency seized from Alesevic was presented to drug detection dog, "Fox", by California Highway Patrol Officer D. Rogers. Officer Rogers advised that Fox positively alerted to the odor of narcotics on the currency.

9. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

10. Without admitting the truth of the factual assertions contained above, Alen Alesevic specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Alen Alesevic agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Alen Alesevic acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Alen Alesevic shall hold harmless and indemnify the United States, as set forth below.

11. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

Consent Judgment of Forfeiture

12. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

13. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

14. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

15. Upon entry of the Consent Judgment of Forfeiture, $15,000.00 of the Approximately $27,353.00 in U.S. Currency, together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

16. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $12,353.00 of the Approximately $27,353.00 in U.S. Currency shall be returned to potential claimant Alen Alesevic through his attorney Justin L. Ward.

17. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Alen Alesevic waived the provisions of California Civil Code § 1542.

18. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

19. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and

410(a)(4) of the Federal Rules of Evidence.

20. All parties will bear their own costs and attorneys' fees.

21. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: January 17, 2014

_____
Troy L. Nunley
United States District Judge